UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MAERSK LINE A/S, | 19 Civ. 4870 |
| Plaintiff, | |
| -against- | COMPLAINT |
| MARIE S. CAREW t/a HOLIDAY SHIPPING, | |
| Defendant. | |

PLEASE TAKE NOTICE that Plaintiff, MAERSK LINE A/S ("MAERSK"), by its attorneys, Mahoney & Keane, LLP, as and for a Complaint against Defendant, MARIE S. CAREW t/a HOLIDAY SHIPPING ("HOLIDAY"), alleges, upon information and belief, as follows:

1. This is a claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under the Court's admiralty and maritime and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333 in that it involves a claim for the breach of a maritime contract.

2. Plaintiff, MAERSK, is a corporation duly organized and existing pursuant to the laws of foreign country, with offices and place of business located at 50 Esplaneden, DK-1098, Copenhagen K, Denmark.

3. Defendant, HOLIDAY, is sole proprietorship licensed with the Federal Maritime Commission as a non-vessel owning common carrier and ocean transportation intermediary with offices and a place of business located at 1153 Willingham Drive, East Point, GA 30344.

4. The United States District Court for the Southern District of New York is the proper venue for this action pursuant to the Law and Jurisdiction clause contained in the governing Bills of Lading.

5. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "5" as if specifically set forth herein at length.

7. On or about January of 2015, February through May of 2016, December of 2016, March through April of 2017, August of 2017, October of 2017, March through November of 2018, January of 2019, and March of 2019, and at all times relevant herein, MAERSK, as "Carrier", and HOLIDAY, as "Shipper", entered into and were parties to bills of lading numbered 566942411, 576254394, 955061776, 955153015, 955728620, 955824174, 955831738, 956105215, 956209532, 956737002, 956751241, 957569046, 957569049, 957849148, 958115327, 958348126, 958632718, 958647967, 958706912, 958706920, 958706950, 958961505, 959064153, 959298172, 959384493, 959384639, 959404137, 959417057, 959533182, 959666400, 960011124, 960739844, 960930389, 961519364, 961640116, 961748325, 962479448, 963694372, 963721565, 963741113, 963807713, 964047680, 964354949, 964510571, 964671670, 964765517, 964830164, 964841064, 964897195, 964948943, 965003598, 965069141, 965077376, 965121979, 965389181, 965448503, 965477262, 965477262, 965485698, 965544009, 965640166, 965640202, 965690272, 965690350, 965751148, 965751148, 965786726, 965786728, 965796238, 965885826, 965885829, 965965069, 965975136, 965975140, 966009481, 966017145, 966078843, 966088619, and 966088624 for the ocean carriage of containerized cargoes of motor vehicles, auto parts, personal effects, household, and used machinery and other goods from United States ports to African ports.

8. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with the goods.

9. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreements by, inter alia, failing to pay for basic ocean freight, detention, demurrage, per diem charges, inland haulage, low Sulphur surcharges, congestion fees, shifting expenses, bunker fees, port dues, documentation fees, and other associated and incidental customs duties, fees, taxes, costs, charges, and expenses accrued on the containers, all as duly invoiced by Plaintiff to Defendant.

10. As a result of Defendant's breach of the agreements, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the governing contracts and at law.

11. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

12. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiffs' damages due and owing under the agreements and at law.

13. By reason of the foregoing, Plaintiff has sustained damages in the amount of $173,025.74, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

14. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "13" as if specifically set forth herein at length.

15. Defendant has an account stated with Plaintiff.

16. By reason of the foregoing, Plaintiff has sustained damages in the amount of $173,025.74, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

17. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "16" as if specifically set forth herein at length.

18. Defendant has been unjustly enriched at Plaintiff's expense, and Plaintiff is entitled to restitution from Defendant in the amount of $173,025.74, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

### AS AND FOR A FOURTH CAUSE OF ACTION

19. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20. Plaintiff is due from Defendant the <u>quantum meruit</u> of Plaintiff's services.

- 5 -

WHEREFORE, Plaintiffs pray that judgment be entered in favor of Plaintiffs for an amount exceeding $173,025.74, together with interest, costs, fees, including reasonable attorneys' fees, and disbursements; that Court process be issued against the Defendant; and that Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
            May 24, 2019

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Plaintiff


                        By:     s/ Garth S. Wolfson
                                  Edward A. Keane
                                  Garth S. Wolfson
                                  61 Broadway, Suite 905
                                  New York, New York 10006
                                  (212) 385-1422