UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MAERSK LINE A/S,                                                       :
                                                                       :
                            Plaintiff,                                 :
                                                                       :    19 Civ. 4870 (JPC)
          -v-                                                          :
                                                                       :    ORDER
MARIE S. CAREW, *trading as* HOLIDAY SHIPPING,                         :
                                                                       :
                            Defendant.                                 :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Before the Court is Plaintiff Maersk Line A/S's motion to amend its Complaint to remove certain allegations relating to four bills of lading. Dkt. 44. For reasons that follow, the Court grants Plaintiff leave to file an Amended Complaint. Plaintiff shall file its Amended Complaint no later than February 12, 2021.

**I. Background**

Plaintiff filed this maritime contract action against *pro se* Defendant Marie S. Carew, a sole proprietor doing business as Holiday Shipping[1], on May 28, 2019, asserting the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333. Dkt. 6. The Complaint alleges that Defendant owes Plaintiff $173,025.74 in fees arising from numerous bills of lading entered between Plaintiff and

---

[1] Although "it is well-settled law that a corporation may appear in federal courts only through licensed counsel," *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006), numerous courts in this Circuit have held that a sole proprietorship may proceed *pro se*. *See e.g.*, *Cassidy v. Madoff*, No. 8:18 Civ. 394 (BKS) (DJS), 2019 WL 3453937, at *1 n.1 (N.D.N.Y. July 31, 2019); *Oberstein v. SunPower Corp.*, No. 07 Civ. 1155 (JFB), 2008 WL 630073, at *3 (E.D.N.Y. Mar. 5, 2008) (collecting cases). The Second Circuit has not yet addressed this specific issue. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[S]ome courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner."). Because a sole proprietorship and its owner are the same legal entity, the Court allows Defendant to proceed *pro se* in this case.

Defendant. *Id.* ¶¶ 7-13.

Plaintiff moved for summary judgment on October 18, 2019, Dkt. 14, and Defendant filed her first motion to dismiss on October 29, 2019 ("First Motion to Dismiss"), Dkt. 20. After those motions were fully briefed, the Honorable John G. Koeltl denied both motions without prejudice on July 27, 2020. Dkt. 29. On September 24, 2020, the Court ordered discovery to proceed through December 21, 2020. Dkt. 33. This case was reassigned to the undersigned five days later, on September 29, 2020.

On November 16, 2020, Plaintiff filed a letter requesting a pre-motion conference in advance of the instant motion to seek leave to file an Amended Complaint. Dkt. 37 at 1. Although Plaintiff's proposed amendment would entail removing allegations against Defendant as to four bills of lading, thereby reducing Defendant's liability from $173,025.74 to $146,313.00, Plaintiff advised the Court that Defendant declined to stipulate to the amendment. *Id.* The Court scheduled a pre-motion conference for December 11, 2020. Dkt. 39. A week before that conference, on December 4, 2020, Defendant filed a second motion to dismiss ("Second Motion to Dismiss").[2] Dkt. 40. On December 7, 2020, Plaintiff notified the Court that Defendant had filed a complaint with the Federal Maritime Commission ("FMC"). Dkt. 41 at 1. Because that FMC complaint concerns four of the seventy-nine bills of lading that are in dispute in this action, Plaintiff explained that the purpose of its proposed amendment was remove those bills of lading from the instant suit to "avoid disproportionate litigation expense and distraction in both proceedings." *Id.* at 1-2.

The Court addressed Defendant's Second Motion to Dismiss and Plaintiff's request to amend the Complaint at the December 11, 2020 pre-motion conference. *See* Dkt. 53 ("12/11/20

---

[2] Although Defendant's motion was titled "Defendant's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b) and to Oppose Summary Judgment," Dkt. 40, no summary judgment motion was pending on the docket at that time.

Tr."). Plaintiff reaffirmed that it seeks to remove allegations relating to four of the bills of lading to avoid duplicative litigation costs given the parallel proceeding involving those same bills of lading before the FMC. *Id.* at 6:1-23. When the Court asked Defendant why she was unwilling to consent to the amendment, Defendant took the position that the four bills of lading should be adjudicated in this action as there are common issues as to all seventy-nine of the bills of lading. *Id.* 7:4-15. After hearing from the parties, the Court set a briefing schedule for Plaintiff's request to amend its Complaint, and noted that any dispositive motion practice will occur after disposition of Plaintiff's motion to amend. *Id.* 16:6-17, 17:8-19.

Plaintiff filed and served its motion to amend and related papers on December 15, 2020. Dkts. 44-47. Disregarding the Court's clear instructions at the December 11, 2020 conference, Defendant filed another motion to dismiss on December 15, 2020 ("Third Motion to Dismiss"). Dkt. 48. On January 4, 2021, the Court clarified that Plaintiff is not required to file a response to this Third Motion to Dismiss, and that any opposition to Plaintiff's motion to amend the Complaint would be due on January 8, 2021. Dkt. 50. To date, Defendant has failed to file an opposition to Plaintiff's motion to amend.

## II. Plaintiff's Motion to Amend the Complaint

Federal Rule of Civil Procedure 15 governs a party's request to amend its pleadings. *See* Fed. R. Civ. P. 15. Under Rule 15(a)(1), a party may amend its pleadings once as a matter of course under certain circumstances. *See* Fed. R. Civ. P. 15(a)(1). Because Plaintiff's request comes after the deadlines specified in both Rule 15(a)(1)(A) and Rule 15(a)(1)(B), the proposed Amended Complaint may be filed only through Rule 15(a)(2), with either the Court's leave or the other party's written consent. *See* Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Although this is a permissive standard, "it is within the sound discretion of the district

3

court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  A Court may deny the moving party's request "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*  The Court finds that none of these four factors militate against granting Plaintiff's request.

Because "[f]utility generally turns on whether the proposed amended pleading states a viable claim," *Slay v. Target Corp.*, No. 11 Civ. 2704, 2011 WL 3278918, at * 2 (S.D.N.Y. July 20, 2011), that consideration is not applicable here.  Rather than seeking to amend a claim or legal theory, or to add a new cause of action or defendants, Plaintiff is merely removing four bills of lading as a basis for liability.  Next, the Court finds no evidence of bad faith in Plaintiff's request for leave to amend its Complaint.  Nor has Plaintiff engaged in undue delay in bringing this request.  Plaintiff's decision to seek leave to amend was triggered by Defendant's filing of a complaint, on October 9, 2020, before the FMC concerning the four bills of lading that Plaintiff wishes to remove from its Complaint.  Memorandum of Law in Support of Motion to Amend Complaint, Dkt. 46, at 2-3; Declaration in Support of Motion to Amend Complaint, Dkt. 45, Exh. 2.  Plaintiff filed its letter-motion requesting leave to amend only about five weeks after Defendant's filing of the FMC complaint.

Finally, the Court finds no undue prejudice to Defendant that will result from granting Plaintiff leave to amend.  Defendant failed to file an opposition to Plaintiff's motion to amend despite the briefing schedule set by the Court at the December 11, 2020 conference, 12/11/2020 Tr. 16:1-20.  Instead of opposing Plaintiff's motion, Defendant opted to file yet another motion of her own, the Third Motion to Dismiss, in contravention of the Court's instructions that such a motion would be premature.  The Third Motion to Dismiss did not address Plaintiff's request to amend the Complaint.  The Second Motion to Dismiss, however, did contain several sentences addressing Plaintiff's request to amend, which arguments the Court considers given Defendant's *pro se* status.

In her Second Motion to Dismiss, Defendant expressed her view that amendment of the Complaint should be denied, arguing: "[o]ther than Plaintiff's refusal to release these four (4) containers in violation of the Shipping Act, each of the other seventy-nine (79) consignments present a similar issue—if Plaintiff's charges for demurrage and detention are reasonable. . . . More, the four (4) consignments are currently before the Federal Maritime Commission. Defendant objects to treating these four (4) containers or bills of lading differently." Second Motion to Dismiss at 5. The Court finds Defendant's reasoning somewhat perplexing, particularly given Defendant's contention in the same brief that the FMC is the appropriate agency to resolve any dispute concerning the seventy-nine bills of lading. *Id.* at 5-8.[3] Plaintiff's proposed amendment would have the effect of having the dispute as to four of the bills of lading before only the FMC, the forum where Defendant initiated a proceeding as to those bills of lading and the forum that appears to be her forum of preference.

In sum, the Rule 15(a)(2) standard, which instructs that "[t]he court should freely give leave [to amend] when justice so requires," has easily been satisfied here. Not only do none of the above considerations mitigate against granting leave, but strong interests such as judicial economy weigh in favor of allowing the Amended Complaint, which would streamline the issues to be resolved before the Court.

### III. Conclusion

For the above-mentioned reasons, Plaintiff's motion for leave to amend the Complaint is granted. Plaintiff shall file its Amended Complaint by February 12, 2021. Defendant's Second Motion to Dismiss, Dkt. 40, and Third Motion to Dismiss, Dkt. 48, are denied as moot without

---

[3] Defendant has maintained this position—that the FMC is the appropriate agency to resolve the dispute as to outstanding invoices concerning the bills of lading—throughout the course of litigation. *See* First Motion to Dismiss at 2 ("[T]he FMC is the appropriate agency to resolve any dispute concerning any outstanding invoices."); Third Motion to Dismiss at 3 ("The Commission is the appropriate agency to resolve any dispute concerning seventy-nine (79) outstanding invoices.").

prejudice for leave to refile. The parties may file any dispositive motions by February 26, 2021, with responses due March 12, 2021 and any replies due by March 19, 2021.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant and to close the motions pending on Dkts. 40, 41, 44, 48.

SO ORDERED.

Dated: February 8, 2021
      New York, New York

                                        JOHN P. CRONAN
                                   United States District Judge